IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06CR31-WKW |
| | ) | |
| MICHAEL SMITH | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:             RICHARD (Cracker) WALDROP

ASSISTANT U.S. ATTORNEY:     VERNE H. SPEIRS

## COUNT AND STATUTE CHARGED:

Count 1          18 U.S.C. § 922(g)(3)
                 Drug user in possession of a firearm

Count 2          18 U.S.C. § 922(g)(1)
                 Felon in possession of a firearm

Count 3          21 U.S.C. § 856(a)(1)
                 Maintaining a drug involved premises.

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1          18 U.S.C. § 922(g)(3)

Count 2          18 U.S.C. § 922(g)(1)

Count 3          21 U.S.C. § 856(a)(1)

## PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1          18 U.S.C. § 922(g)(3)
                 NMT 10Y or
                 NMT $250,000 or both;
                 NMT 3Y SUP REL;
                 $100 AF;
                 VWPA.

Count 2          18 U.S.C. § 922(g)(1)
                 NMT 10Y or
                 NMT $250,000 or both;
                 NMT 3Y SUP REL;
                 $100 AF;
                 VWPA.

defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.  The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial.  If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offenses charged in the Indictment, the attorney for the Government will do the following:

a.  The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.  Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to

3

Count 3            <u>21 U.S.C. § 856(a)(1)</u>
                   NMT 20Y or
                   NMT $250,000 or both
                   NMT 3Y SUP REL;
                   $100 AF;
                   VWPA

**<u>ELEMENTS OF THE OFFENSE</u>:**

### <u>18 U.S.C. § 922(g)(3)</u>

First:     The defendant knowingly possessed a firearm or
           ammunition in or affecting interstate commerce, as
           charged, and

Second:    While in possession of the firearm, the defendant
           was an unlawful user of controlled substances as
           defined in Section 102 of the Controlled
           Substances Act, 21 U.S.C. 802.

### <u>18 U.S.C. § 922(g)(1)</u>

First:     The defendant knowingly possessed a firearm or
           ammunition in or affecting interstate commerce, as
           charged; and

Second:    Before the defendant possessed the firearm or
           ammunition, the defendant had been convicted in a
           court of a crime punishable by imprisonment for a
           term in excess of one year, that is, a felony
           offense.

### <u>21 U.S.C. § 856(a)(1)</u>

First:     The defendant knowingly operated or maintained a
           place;

Second:    For the purpose of manufacturing, distributing, or
           using any controlled substance.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Verne H. Speirs, Assistant United States Attorney and

Richard (Cracker) Waldrop, attorney for the defendant, pursuant

to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as

Amended, have, with the authorization of the undersigned

2

avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

        b.  The government will agree to recommend the low-end of the applicable guideline level as determined and accepted by the United States District Court, Middle District of Alabama.

    2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### DEFENDANT'S PROVISIONS

    3. The defendant agrees to the following:

        a.  To plead guilty to all Counts of the Indictment.

        b.  To forfeit all firearms in his possession.

        c.  Not commit any State, local or federal offenses.

### FACTUAL BASIS

First, beginning from an unknown date, up to and continuing to August 24, 2005, in Lee County, within the Middle District of Alabama, MICHAEL SMITH, defendant herein, then being an unlawful and regular user of methamphetamine, a controlled substance as

defined in 21 USC § 802; did knowingly possess in and affecting

commerce, a firearm, to-wit: a Tanfoglio, F.I.L.I., S.N.C., Model

TA76, .22 caliber revolver, serial number D10327.  Defendant

Smith was an unlawful and regular user of methamphetamine, to-

wit: he used approximately 1/2 gram to 1 full gram of

methamphetamine every day for at least six months all while in

possession of the aforementioned firearm.  All in violation of

Title 18 United States Code, section 922(g)(3).

Second, beginning from an unknown date, up to and continuing

to August 24, 2005, in Lee County, within the Middle District of

Alabama, MICHAEL SMITH, defendant herein, having been convicted

of the following felony, a crime punishable by imprisonment for a

term exceeding one year under the laws of the State of Alabama,

to-wit: 8/97, Felony DUI, in the Circuit Court of Lee County,

Alabama, CC-97-715; did knowingly possess in and affecting

commerce a firearm, to-wit: a Tanfoglio, F.I.L.I., S.N.C., Model

TA76, .22 caliber revolver, serial number D10327, in violation of

Title 18, United States Code, Section, 922(g)(1).

Finally, from an unknown date, up to and continuing to

August 24, 2005, in Lee County, within the Middle District of

Alabama, MICHAEL SMITH, defendant herein, did knowingly and

intentionally, open, lease, rent, use or maintain a place located

at 823 Lee Road 375, Lee County, Alabama, for the purpose of

manufacturing, distributing, and using methamphetamine.  Indeed,

Defendant Smith owned the trailed located at 823 Lee Road 375.
While the owner of the aforementioned trailer, Defendant Smith
knowingly allowed others, including but not limited to Brittany
Horn and Brian Clark, to manufacture, distribute or use
methamphetamine at 823 Lee Road 375.   Furthermore, while to owner
of 823 Lee Road 375, Defendant Smith allowed Brian Clark to
distribute methamphetamine from 823 Lee Road 375.   All in
violation of Title 21, United States Code, Section 856(a)(1).

### **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Understanding that 18 U.S.C. § 3742 provides for appeal
by a defendant of the sentence under certain circumstances, the
defendant expressly waives any and all rights conferred by
18 U.S.C. § 3742 to appeal the sentence.   Defendant further
expressly waives the right to appeal the sentence on any other
ground and waives the right to attack the sentence in any
post-conviction proceeding.

The government does not waive its right to appeal any
order dismissing the Indictment, vacating a sentence, or
otherwise terminating the prosecution at any stage of the
proceedings.   Further, the parties agree that nothing in this
agreement shall affect the government's right and/or duty to
appeal as set forth in 18 U.S.C. § 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4.   The defendant, before entering a plea of guilty to the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a.   The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case.  Defendant understands and acknowledges that defendant's guilty plea will·remain in full force and effect upon any breach of this agreement by the defendant.

c.   The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing.  The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office.  The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

d.   The defendant understands that the defendant has a right to be represented by an attorney at every stage of

7

the proceedings against the defendant herein and is represented
by the defendant's undersigned attorney.

      e.  The defendant understands that the defendant
has the right to plead not guilty and has the right to be tried
by a jury and, at a trial thereof, has the right to the
assistance of counsel, the right to confront and cross-examine
witnesses against the defendant, the right to call witnesses in
the defendant's own behalf, and the right not to be compelled to
incriminate the defendant, and that if the defendant enters a
plea of guilty herein, there will not be a further trial of any
kind and that by the entry of such a plea, the defendant waives
the right to a trial by jury or to a trial before the Court.

      f.  The defendant further understands that in
entering a plea of guilty herein, the Court may ask questions
about the offense to which the plea is entered and further
understands that if the defendant answers these questions under
oath, on the record, and in the presence of counsel, which
questions and answers would be recorded, that the answers may
later be used against the defendant in a prosecution for perjury
or false statement if the answers are not truthful.

      g.  The Defendant further understands and advises
the Court that the Plea Agreement as set forth herein and the
plea to be entered by the defendant as a result thereof is
voluntary on the defendant's part and is not the result of any

8

force or threats or of any promises apart from the aforesaid Plea
Agreement.  The defendant further advises the Court that the Plea
Agreement set forth herein is the result of prior discussions
between the attorney for the government and the attorney for the
defendant, all conducted with the defendant's authorization,
knowledge, and consent.

h.  The defendant further advises the Court that
the defendant's understanding of this Plea Agreement is as set
forth in this document.

i.  The defendant further advises the Court that
it is understood that the government can only make a
recommendation which is not binding on the Court.

j.  The defendant further advises the Court that
the defendant understands and has been advised that evidence of a
plea of guilty, later withdrawn or an offer to plead guilty to
the crime charged in the Indictment herein, or of statements made
in connection with and relevant to said plea or offer to plead,
shall not be admissible in any civil or criminal proceedings
against the defendant.  However, the defendant does understand
that evidence of a statement made in connection with and relevant
to a plea of guilty, later withdrawn, or an offer to plead guilty
to the crimes charged in the Indictment herein, is admissible in
a criminal proceeding for perjury or false statement when the

9

statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

5.  The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended.  The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind.  Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea

10

is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

6.    The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court.  The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history.  The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.  In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will have the right to withdraw the plea on that basis.

This *14th* day of June, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

11

Louis V. Franklin, Sr.
Criminal Chief

Verne H. Speirs
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, _____.

Michael Smith/DEFENDANT

6-14-6
Date

Richard (Cracker) Waldrop
Attorney for the Defendant

6-14-6
Date

12